UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

THEODORE STEVENS,

          Plaintiff,

v.

ROMERO ARANAS et al.,

          Defendants.

Case No. 2:17-cv-01373-APG-PAL

**ORDER**

**I.    DISCUSSION**

On June 27, 2017, I dismissed this case because plaintiff Theodore Stevens was attempting to sue on behalf of inmate Jose Cruz Arizmendi regarding events that happened to Arizmendi. ECF No. 4 at 1. I directed Arizmendi to file his own application to proceed *in forma pauperis* and his own complaint if he wished to pursue his claims. *Id.* at 1-2. I noted that Stevens could not represent Arizmendi and did not have the authority to sue on Arizmendi's behalf. *Id.* at 2.

On July 6, 2017, Stevens moved to amend my order. ECF No. 6 at 1. Stevens argues that he is authorized to bring a suit in his name for Arizmendi by power of attorney pursuant to NRS § 162A.560. *Id.* Stevens also asserts that a court may not dismiss an action for failure to prosecute in the name of the real party in interest pursuant to Fed. R. Civ. P. 17. *Id.* Stevens states that he may bring an action on behalf of Arizmendi pursuant to Fed. R. Civ. P. 17(c)(2) because Arizmendi is incompetent because he does not speak, read, or write English. *Id.* Thus, Stevens states that Arizmendi requests through his counsel, Stevens, that I vacate my order and reinstate the case. *Id.* at 2. I deny in part and grant in part the motion. I will reopen this case, but I deny Stevens's request to appear on behalf of Arizmendi.

In federal court, "parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. The right to proceed *pro se* in civil cases is a personal right. *See C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (holding that "[a]lthough a non-

attorney may appear *in propria* persona in his own behalf, that privilege is personal to him. . . . He has no authority to appear as an attorney for others than himself").

A power of attorney does not authorize a non-attorney to act as an attorney-at-law for another person. *See Malinay v. Nishimura*, No. 13–00372 SOM–KSC, 2013 WL 4240460, at *1 (D. Haw. Aug. 14, 2013) (finding that "[n]or does a power of attorney that allows Person A to act on behalf of Person B give Person A the right to act as Person B's attorney. A power of attorney allows Person A to do on behalf of Person B matters for which an attorney's license is not required. Person A may sign checks or loan documents, for example, but may not provide legal representation if not licensed to practice law."); *see also Lee v. Retail Store Employee Bldg. Corp.*, No. 15-CV-04768-LHK, 2017 WL 346021, at *5-6 (N.D. Cal. Jan. 24, 2017) (finding that a power of attorney does not confer the ability of a non-attorney to sue on behalf of an incompetent person under California law). Moreover, "[i]n a Nevada court of law, only a licensed attorney—an active member of the State Bar of Nevada admitted to practice under the Nevada Supreme Court Rules ("SCR")—is duly authorized to represent a client." *Handley v. Bank of Am., N.A.*, No. 2:10–cv–01644–RLH–PAL, 2010 WL 4607014, at *1 (D. Nev. Nov. 4, 2010). "An individual engages in the unauthorized practice of law when he engages in activities customarily performed by licensed attorneys." *Id.* "Although an individual is entitled to represent himself or herself in the district court, no rule or statute permits a non-attorney to represent any other person, a company, a trust, or any other entity in Nevada courts." *Id.*; *see also Salman v. Newell,* 885 P.2d 607, 608 (Nev. 1994) (citing Nevada SCR 44). A power of attorney does not circumvent Nevada's prohibition on the unauthorized practice of law. *Handley*, 2010 WL 4607014, at *2. As such, Stevens, a non-attorney, may not sue on behalf of Arizmendi even with a valid power of attorney. Stevens shall not file any more documents in this case.

I grans the motion in part with respect to Fed. R. Civ. P. 17. "The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest." Fed. R. Civ. P. 17(a)(3). Thus, I will grant

Arizmendi 30 days to file his own application to proceed *in forma pauperis* and an amended complaint which substitutes himself as the plaintiff in this case. If Arizmendi fails to timely file his own application to proceed *in forma pauperis* and an amended complaint substituting himself as the plaintiff in this case, I will dismiss the case without prejudice and close the case.

II. **CONCLUSION**

For the foregoing reasons, it is ordered that the motion to amend order **(ECF No. 6) is granted in part and denied in part.** The Clerk of the Court shall reopen the case.

It is further ordered that the Clerk of the Court shall send a copy of this order to both Theodore Stevens and Jose Cruz Arizmendi[1].

It is further ordered that Theodore Stevens shall not file any more documents in this case.

It is further ordered that, if Jose Cruz Arizmendi would like to proceed *pro se* in this case, he shall file his own application to proceed *in forma pauperis* and an amended complaint substituting himself as the plaintiff within 30 days from the date of this order.

It is further ordered that the Clerk of the Court shall send Jose Cruz Arizmendi the approved form application to proceed *in forma pauperis* by a prisoner, as well as the document entitled information and instructions for filing an *in forma pauperis* application.

It is further ordered that the Clerk of the Court shall send Jose Cruz Arizmendi the approved form for filing a 42 U.S.C. § 1983 complaint and instructions for the same and a copy of the complaint (ECF No. 1-1).

It is further ordered that, if Jose Cruz Arizmendi fails to timely comply with this order, the Court will dismiss this case without prejudice and close the case.

DATED THIS 9th day of August 2017.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Jose Cruz Arizmendi's address is located in ECF No. 3.