**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| THEODORE STEVENS, | Case No. 2:17-cv-01373-APG-PAL |
| Plaintiff, | **ORDER** |
| v. | |
| ROMERO ARANAS et al., | |
| Defendants. | |

On August 9, 2017, I reopened this case and granted Jose Cruz Arizmendi 30 days to file both his own individual application to proceed *in forma pauperis* and an amended complaint substituting himself as the plaintiff. ECF No. 7 at 3. The 30-day period has now expired, and Arizmendi has not filed an application to proceed *in forma pauperis*, has not filed an amended complaint, and has not otherwise responded to my order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, I must consider several factors: (1) the public's interest

in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In this case, the first two factors—the public's interest in expeditiously resolving this litigation and my interest in managing the docket—weigh in favor of dismissal. The third factor, risk of prejudice to the defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey an order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. My order requiring Arizmendi to file an application to proceed *in forma pauperis* and an amended complaint expressly stated "that, if Jose Cruz Arizmendi fails to timely comply with this order, the Court will dismiss this case without prejudice and close the case." ECF No. 7 at 3. Arizmendi had adequate warning that dismissal would result from his noncompliance with my order within 30 days.

It is therefore ordered that this action is dismissed without prejudice based on Arizmendi's failure to file an application to proceed *in forma pauperis* and an amended complaint.

It is further ordered that the Clerk of Court shall enter judgment accordingly.

It is further ordered that the Clerk of Court shall send Jose Cruz Arizmendi a copy of this order at the address located in ECF No. 3.

DATED THIS 15th day of September, 2017.

UNITED STATES DISTRICT JUDGE